UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.:

KARLA GRIFFIN,

    Plaintiff,

vs.

ALYS BEACH RESORTS, LLC,

    Defendant.

_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, KARLA GRIFFIN ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint and sues ALYS BEACH RESORTS, LLC, ("Defendant"), for declaratory and injunctive relief, attorney's fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12182 *et. seq.*, and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 343 for Plaintiff's claims arising under Title 42 U.S.C. § 12182 *et. seq.*, based on Defendant's violations of Title III of the ADA. *See also*, 28 U.S.C. §§ 2201, 2202, as well as the 2010 ADA Standards. This Court is also vested with supplemental jurisdiction over Plaintiff's state law claims for violation of the Florida Civil Rights Act under 28 U.S.C. § 1367.

2. Venue is proper in this Court, Pensacola Division, pursuant to 28 U.S.C. §1391(B) and the Internal Operating Procedures for the United States District Court for the Northern District

of Florida in that events giving rise to the lawsuit occurred in, among other places, Bay County, Florida.

## PARTIES

3. Plaintiff, KARLA GRIFFIN is *sui juris* and is a resident of the State of Georgia residing in Thomas County, Georgia.

4. Upon information and belief, Defendant is the lessee, operator, owner and/or lessor of Real Property, which is subject to this suit, and is located at 9581 County Hwy, 30A East, Panama City Beach, Florida 32413 ("Premises") and is the owner of the improvements where Premises is located.

5. Defendant is authorized to conduct, and is in fact conducting, business within the State of Florida.

6. Plaintiff is an individual with physical disabilities. Plaintiff was in a tragic car accident eight years ago, from which she suffered a traumatic brain injury that resulted in nerve damage. As a result of those injuries, Plaintiff's toes curl under her feet, a condition which leaves her in near constant pain and makes mobility extremely challenging. At the time of Plaintiff's visits to the Premises twice in 2016, twice in 2017, and from July 18, 2018 through July 22, 2018, (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA, and requires a continuous path of travel connecting all essential elements of the facility and the use of other means of accessibility for persons with disabilities. Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though she would be classified as a "bona fide patron".

7. Plaintiff will avail herself of the services offered at the Premises in the future, provided that Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 7 above as if fully stated herein.

9. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq*. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993, if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. § 12182; 28 C.F.R. § 36.508(a).

10. As stated in 42 U.S.C. §§ 12101(a)(1)-(3),(5) and (9) Congress found, among other things, that:

   a. some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   b. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   c. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   d. individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

  e. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and acosts the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

11. As stated in 42 U.S.C. §§ 12101(b)(1)(2) and (4) Congress explicitly stated that the purpose of the ADA was to:

  a. provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

  b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

  c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

12. Pursuant to 42 U.S.C. § 12182(7), 28 C.F.R. § 36.104 and the 2010 ADA Standards, Defendant's Premises is a place of public accommodation covered by the ADA by the fact it provides services to the general public and must be in compliance therewith. The building and/or Premises, which is the subject of this action, is a public accommodation covered by the ADA and which must be in compliance therewith.

13. Defendant has discriminated and continues to discriminate against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. § 12182 and 42 U.S.C. § 12101 *et. seq.*, and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

14. Plaintiff has visited these Premises and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

15. Plaintiff would like to return and enjoy the goods and/or services at Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by the Defendant's

failure and refusal to provide disabled persons with full and equal access to their facilities. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

16.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Officer of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 C.F.R. § 36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. § 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for and subsequent violation.

17.     Defendant is in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards *et. seq.*, and is discriminating against Plaintiff as a result of, *inter alia*, the following specific violations which are further documented in Exhibit A:

**A.     Parking at Guest Services:**

  i)   At the guest services area of the property, self-parking is provided but there are not van accessible spaces. ADA standard 4.1.2(5).

  ii)  No signage for accessible parking at the guest services area. ADA standard 4.6.4.

**B.     Exterior Routes:**

  i)   There are mobility impediments between the guest services parking and the entry to guest services. ADA standard 4.1.2(1).

  ii)  There are mobility impediments between the guest parking area and the guest rooms. ADA standard 4.1.2(1).

  iii) There are mobility impediments between the lobby and the guest room exterior door of the guest room. ADA standard 4.1.3(1).

  iv)  There are mobility impediments between the guest room and exterior amenities such as swimming pools, bars, outdoor dining and restrooms. ADA standard 4.1.2(2).

5

      v)     There is one ramp on the property leading to the pool. There are not handrails. ADA standard 4.8.3.

      vi)     There is no access to the beach because the only route to the beach for ingress and egress is a steep stairway. The beach is the primary reason to visit Defendant's property, but for people with mobility disabilities, the beach remains inaccessible.

**C.**     **Building Entrances:**

      i)     The door hardware is not useable with one hand. ADA standard 4.13.9.

      ii)     The doors to guest services is not automatic. There is not a 30" x 48" clear floor space where one can be outside of the swing of a hinged door. ADA standard 4.13.7.

      iii)     Registration counters and other counters serving guests do not have lowered portions no more than 36" high to fill out forms. ADA standard 7.2.

      iv)     The kitchen counter in the community kitchen is higher than 36". ADA standard 7.2.

**D.**     **Interior Routes:**

      i)     There are mobility impediments between guest services and the guest room. ADA standard 4.1.3(1).

      ii)     Doors are not fitted with accessible handles that are usable with one hand without tight grasping, pinching or twisting. ADA standard 4.13.9.

      iii)     Handrails do not extend horizontally at top and bottom of each stair section to give persons who have difficulty using the stairs, a stable gripping location before ascending or descending. ADA standard 4.9.

      iv)     There are not handrails on both sides of the stair at a uniform height of 34" – 38" above front edge of the step. ADA standard 4.9.

**E.**     **Public/Common Use Restrooms:**

      i)     The restrooms at the main pool which are also used by restaurant patrons do not have any accessibility features. ADA standards 4.1.3(11); 4.13.6; 4.13.7; 4.16.2; 4.17.3; 4.16.4; 4.17.6; 4.16.4; 4.17.6; 4.17.3; 4.22.6; 4.19.

**F.**     **Guestroom & Suite Issues:**

      i)     Insufficient clearance (32" required) in width of door openings for people with mobility disabilities. ADA standard 9.4.

6

    ii)     Bathroom door has insufficient clearance for people with mobility disabilities. ADA standard 9.4.

    iii)     Insufficient number of accessible suites or rooms or rooms with roll in showers. ADA standard 9.1.2.

    iv)     Accessible guest rooms not available for the variety of properties available for customers. ADA standard 9.1.4.

    v)     Gates for entry into the cottage are not accessible. ADA standard 9.2.2(3); 4.13.9.

    vi)     No clear passage at foot of bed. ADA standard 9.2.2(2).

**G.**     **Accessible Bath Issues:**

    i)     Insufficient clear passage of at least 32" for restroom entry. ADA standard 9.2.2(3); 4.13.

    ii)     No accessible toilet. Toilet not positioned to allow a person to use the grab bars. ADA standard 9.2.2(6)(e); 4.23.4; 4.16.2.

    iii)     No horizontal grab bar that will allow a person in a wheelchair to make transfer from wheelchair to toilet. ADA standard 9.2.2(6); 4.23.4; 4.16.2.

    iv)     Toilet seat not 17-19" above the floor. ADA standard 4.16.3.

    v)     Wash basin is over 34" high and there is insufficient clearance under the front edge of the basin to allow clearance for a wheelchair.

    vi)     Lavatory faucets are not accessible. ADA standard 9.2.2(6)(e); 4.23.6; 4.19.5.

    vii)     Lack of clear floor space in the restroom. ADA standard 9.2.2(6)(e).

    viii)     Inadequate room for person in wheelchair to pull bathroom door open without hitting the wheelchair. ADA standard 9.2.2(3); 4.13.6.

    ix)     No securely attached transfer seat in the bathtub. ADA standard 4.23.8; 4.20.3.

    x)     No hand shower want with a 60" hose. ADA standard 4.23.8; 4.20.6.

    xi)     No horizontal grab bar at the end of the tub to allow for stabilization. ADA standard 4.23.8; 4.20.4.

    xii)     No horizontal grab bar at the head of the tub to aid in transfer from wheelchair to tub. ADA standard 4.23.8; 4.20.4.

    xiii)     No horizontal grab bars along the side of the tub.. ADA standard 4.23.8; 4.20.4.

    xiv)    No gap between the wall and inside face of grab bar. ADA standard 4.23.8; 4.20.4.

    xv)    No roll in showers. ADA standard 9.1.2.

**H.**    **Cottage Pool:**

    i)    The pool in the cottage area does not have railing for ingress or egress. ADA standard 242.

**I.**    **Operating Issues:**

    i)    No accessible rooms at all. 28 C.F.R. § 36.302.

18.    To the best of Plaintiff's belief and knowledge, Defendant has failed to eliminate the specific violations set forth in paragraph 18 herein.

19.    Although Defendant is charged with having knowledge of the violations, Defendant may not have actual knowledge of said violations until this Complaint makes Defendant aware of same.

20.    To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

21.    Pursuant to the ADA, 42 U.S.C. § 12101 *et. seq.*, and 28 C.F.R. § 36.304, the Defendant was required to make the establishment a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

22.    Plaintiff has retained the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. § 12205.

23.    All of the above violations are readily achievable to modify in order to bring Premises or the Facility/Property into compliance with the ADA.

24. In instance(s) where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 18 herein can be applied to the 1991 ADAAG standards.

25. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the subject facility to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Subject Facility until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

a) That this Court declares that Premises owned, operated and/or controlled by Defendant is in violation of the ADA;

b) That this Court enter an Order requiring Defendant to alter their facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

c) That this Court enter and Order directing the Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to Premises;

d) That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff; and,

e) That this Court award such other and further relief as it may deem necessary, just and proper.

## COUNT II
## <u>VIOLATION OF FLORIDA STATUTE § 760.08</u>

26.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 7 above as if fully stated herein.

27.     Plaintiff filed a complaint against Defendant with the Florida Commission on Human Relations in FCHR No. 201915314 for violation of the Florida Civil Rights Act. More than 180 days have elapsed since the Plaintiff filed the complaint and the complaint has been dismissed. (see dismissal letter attached as Exhibit B). Plaintiff has exhausted her administrative remedies with the FCHR and is able to pursue remedies in a court of competent jurisdiction.

28.     The Defendant has violated Florida Statute § 760.08, which provides all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any public accommodation, without discrimination or segregation on the grounds of handicap.

29.     The violations of Florida law were deliberate and knowing.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant, including general and compensatory damages, damages for intangible injuries, punitive damages, costs, including reasonable attorney's fees and interest, for the following injunctive relief and declaratory relief:

a)     A declaration that the policies and procedures of Defendant Alys Beach violated Florida Statute § 760.08 in that Defendant failed to consider and accommodate the needs of disabled persons to the full extent required by Florida law.

b)     An Order mandating that Defendant train its employees, independent contractors, and management staff, to comply with all appropriate laws;

c)     An Order mandating that Defendant revise its policies, practices, and procedures toward persons with disabilities and undertake and complete corrective measures to provide equal

access to individuals with disabilities (including, but not limited to, equal access to the pool and beach, as with the general public) within a reasonable time;

   d)  An Order mandating that Defendant expeditiously make all reasonable and appropriate modifications in their policies, practices, and procedures toward persons with disabilities and take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than the general public;

   e)  Award Plaintiff general damages, compensatory damages, mental anguish, loss of dignity, and any other intangible injuries;

   f)  Award reasonable costs and attorneys' fees; and

   g)  Award any and all other relief that may be necessary and appropriate.

Dated this 20th day of September, 2019.

               Respectfully submitted,

               */s/ J. Courtney Cunningham*
               J. Courtney Cunningham, Esq.
               J. COURTNEY CUNNINGHAM, PLLC
               FBN: 628166
               8950 SW 74TH Court, Suite 2201
               Miami, FL 33156
               T: 305-351-2014
               cc@cunninghampllc.com